UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 73.4.80.17,<br><br>   Defendant. | Civil Action No. 1:24-cv-10754-DJC |

**PLAINTIFF'S *EX-PARTE* APPLICATION FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT**

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Strike 3 Holdings, LLC ("Plaintiff"), makes this application for entry of an order extending the time within which to effectuate service on John Doe Defendant, and states:

1. This is a copyright infringement case against a John Doe Defendant known to Plaintiff only by an IP address. Defendant's true identity is known by their Internet service provider ("ISP").

2. On April 9, 2024, Plaintiff filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion") in order to serve a third-party subpoena on Defendant's ISP to obtain the Defendant's identifying information.

3. On May 17, 2024, the Court granted Plaintiff leave to serve a third-party subpoena on Defendant's ISP to obtain the Defendant's identifying information. Plaintiff issued

1

the subpoena on or about May 23, 2024 and, in accordance with the time allowances provided to both the ISP and the Defendant, expects to receive the ISP's response on or about July 1, 2024.

4. On or about June 12, 2024, counsel for Defendant contacted Plaintiff's counsel to discuss the status of this action and the possibility of settlement. The parties are currently engaged in ongoing negotiations.

5. Pursuant to Fed. R. Civ. P. Rule 4(m), Plaintiff is required to effectuate service on the Defendant no later than June 20, 2024.

6. Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended for sixty (60) days from July 1, 2024 (the date Plaintiff expects to receive the ISP response), and thus the deadline to effect service be extended to August 30, 2024. If the parties are unable to reach a resolution, this extension should provide Plaintiff time to receive the ISP response, to conduct a further investigation to assist in determining whether the individual identified by the ISP is the appropriate defendant for this action and, if a good faith basis continues to exist, to proceed against that individual (or someone else), to amend the Complaint, and place the summons and Amended Complaint with the process server to attempt service of process.

7. This application is made in good faith and not for the purpose of undue delay.

8. This is Plaintiff's first request for an extension. None of the parties will be prejudiced by the granting of this extension.

WHEREFORE, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended until August 30, 2024.  A proposed order is attached for the Court's convenience.

Dated: June 20, 2024                                   Respectfully submitted,

                                        By:   /s/ *Jacqueline M. James*
                                              Jacqueline M. James, Esq. (BBO #706668)
                                              The James Law Firm, PLLC
                                              445 Hamilton Avenue, Suite 1102
                                              White Plains, New York 10601
                                              T: 914-358-6423
                                              E-mail: jjames@jacquelinejameslaw.com
                                              *Attorneys for Plaintiff*


## CERTIFCATE OF SERVICE AND L.R. 7.1(A)(2) STATEMENT

Pursuant to Local Rules 5.2(b), 7.1(a)(2), and 7.1(c), I hereby certify that a true copy of the above document was electronically filed with the Clerk of the Court using CM/ECF. Plaintiff's counsel conferred with counsel for Defendant via email on June 19, 2024, and counsel for Defendant stated that the Defendant was not opposed to the granting of this extension.

                                        By: /s/ Jacqueline M. James